NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUN 29 2023

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| AILEA TOBACK, | No. 22-15243 |
| Plaintiff-Appellant, | D.C. No. 2:20-cv-01971-DWL |
| v. | |
| KILOLO KIJAKAZI, Acting Commissioner of Social Security, | MEMORANDUM[*] |
| Defendant-Appellee. | |

Appeal from the United States District Court
for the District of Arizona
Dominic Lanza, District Judge, Presiding

Submitted June 27, 2023[**]
San Francisco, California

Before: WALLACE, O'SCANNLAIN, and SILVERMAN, Circuit Judges.

Ailea Toback appeals from the district court's judgment affirming the Social

Security Administration's decision to deny Toback's application for child disability

insurance benefits under the Social Security Administration Act. Because the facts

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The panel unanimously concludes this case is suitable for decision without oral argument. *See* Fed. R. App. P. 34(a)(2).

are known to the parties, we repeat them only as necessary to explain our decision.

I

Toback's first attack on the agency's decision fails—the agency did not commit reversible error in concluding that the opinion evidence failed adequately to support Toback's disability claim. We will not "overturn the [agency's] decision unless it is either not supported by substantial evidence or is based upon legal error." *Woods v. Kijakazi*, 32 F.4th 785, 788 (9th Cir. 2022) (cleaned up); *see Ocean Garden, Inc. v. Marktrade Co., Inc.*, 953 F.2d 500, 502 (9th Cir. 1991) ("[T]o be clearly erroneous, a decision must … strike us as wrong with the force of a five-week old, unrefrigerated dead fish." (cleaned up)); *see also Woods*, 32 F.4th at 791-92 (discussing the relevant factors in reviewing opinion evidence—including "supportability" and "consistency").

Under this standard, Toback's attack on the agency's treatment of the relevant opinion evidence must be rejected. As the district court explained, the agency—which carefully analyzed and interpreted the opinion evidence at stake—provided valid reasons supported by substantial evidence for its evaluation of the opinion evidence, including, *inter alia*, the agency's decision regarding how much weight to give to each opinion, how to interpret the opinions, and how to translate the opinion evidence into the statutory disability determination. *See* SER 8-16 (district court summarizing the agency's treatment of the opinion evidence). While Toback

2

disputes the agency's evaluation of the opinion evidence, Toback provides no reason to conclude that the agency committed reversible error—and, on this record, we decline to disturb the agency's reasoned judgment.

II

Toback's second attack on the agency's decision also fails—the agency did not commit reversible error in concluding that Toback's symptom testimony failed adequately to support Toback's disability claim. As explained, we will "disturb the [agency's] decision to deny benefits only if it is not supported by substantial evidence or is based on legal error," *Treichler v. Comm'r of Soc. Sec. Admin.*, 775 F.3d 1090, 1098 (9th Cir. 2014) (cleaned up)—and the agency may "reject the claimant's testimony about the severity of [the] symptoms" by "providing specific, clear, and convincing reasons for doing so," *Brown-Hunter v. Colvin*, 806 F.3d 487, 488-89 (9th Cir. 2014).

Under this standard, Toback's attack on the agency's treatment of Toback's symptom testimony must be rejected. As the district court explained, the agency reasonably rejected Toback's symptom testimony based on, *inter alia*, objective medical evidence indicating that Toback's problems were manageable, inconsistencies between Toback's testimony and Toback's daily living activities, and Toback's failure to seek treatment during portions of the relevant period. *See* SER 17-19 (explaining these rationales and Toback's competency). Accordingly,

3

the agency provided valid reasons supported by substantial evidence for rejecting Toback's symptom testimony—and Toback provides no reasons for us to disturb the agency's reasoned judgment.[1]

**AFFIRMED.**[2]

---

[1] In addition to the issues discussed above, Toback raises several new issues on appeal—but they have been "waived" because Toback did not "raise them before the district court," and Toback has provided no adequate reasons for why we should "excuse" this failure. *Greger v. Barnhart*, 464 F.3d 968, 973 (9th Cir. 2006) (cleaned up). Accordingly, we decline to reach these new issues.

[2] Toback's "Motion for Medical Records" (Dkt. No. 2) is **DENIED**.